THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON FRY, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ANCESTRY.COM OPERATIONS INC., A Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; and ANCESTRY.COM LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 3:22-cv-00140 <br><br> Judge Jon E. DeGuilio <br><br> Magistrate Judge Michael G. Gotsch, Sr. |

### REPORT OF PARTIES' PLANNING MEETING

1.      Plaintiff requested that the parties engaged in a Fed. R. Civ. P. 26(f) planning meeting consistent with the rules and the expectations of the Court. *See* https://www.innd.uscourts.gov/judges-info/JED/Preliminary_Pretrial_conference (noting that the magistrate judge will generally schedule a preliminary pretrial conference within 30-60 days after the last party appears). This case was filed on February 22, 2022 (ECF No. 1) and counsel for Ancestry appeared on March 31, 2022 (ECF No. 4). Although Ancestry has filed a Rule 12(b)(6) motion to dismiss and a motion to dismiss under Indiana's anti-SLAPP statute, Plaintiff disagrees that the anti-SLAPP statute's discovery stay supersedes the federal rules, and believes it is prudent to set an initial schedule and ensure the parties discuss important issues under Rule 26(f), including document preservation, a protective order and ESI protocol, and settlement. *See Nixon v. Haag*, No. 1:08-CV-00648-LJMJMS, 2009 WL 2026343, at *3 (S.D. Ind. July 7, 2009) ("Rule 26(b)(1)'s scope of discovery is congressionally authorized… That rule is a procedural rule. Thus, the federal procedural rule supersedes the conflicting state-law procedural rule restricting the scope of discovery; no 'statutory' stay of discovery applies to this case.").

2.       Defendants Ancestry.com Operations, Inc., Ancestry.com Inc., and Ancestry.com LLC (collectively, "Ancestry") object to a planning meeting under Fed. R. Civ. P. 26(f). Ancestry filed a motion to dismiss pursuant to Indiana's anti-SLAPP statute, which automatically stayed all discovery in this case.  ECF Nos. 18 &19; Ind. Code § 34-7-7-6 ("All discovery proceedings in the action are stayed upon the filing of a motion to dismiss" under the anti-SLAPP statute). Therefore, Ancestry believes holding a planning meeting is improper in light of the automatic discovery stay.  *See, e.g.*, *Stutzman v. Armstrong*, No. 2:13-CV-0116-MCE-KJN, 2013 WL 3992416, at *7 (E.D. Cal. Aug. 2, 2013) (denying motion to compel discovery where anti-SLAPP motion was pending).  Plaintiff's reliance on *Nixon* to argue the anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure is misplaced.  Unlike here, the issue in *Nixon* was whether a party opposing an anti-SLAPP motion could obtain the discovery necessary to respond to that motion if the motion relied on evidence outside of the pleadings; the court determined the motion was akin to a motion for summary judgment under the Federal Rules of Civil Procedure and permitted discovery.  *Nixon*, 2009 WL 2026343, at *2 ("The Federal Rules of Civil Procedure already require a court to treat a motion to dismiss as a motion for summary judgment when the motion to dismiss relies on matters outside the complaint (as contemplated by the Anti-SLAPP Act).").  Here, however, there is no conflict between the anti-SLAPP stay and the Federal Rules— plaintiff neither sought nor needed discovery to respond to the pending anti-SLAPP motion that is fully briefed and pending before the Court.  *See* ECF Nos. 18, 19, 23, 29.  Thus, unlike in *Nixon*, the motion here challenged the legal sufficiency of the complaint and is therefore akin to a motion to dismiss rather than a motion for summary judgment.  *See e.g.*, *Clifford v. Trump*, 339 F. Supp. 3d 915, 923 (C.D. Cal. 2018), *aff'd*, 818 F. App'x 746 (9th Cir. 2020) (where an "anti-SLAPP motion is analogous to a motion to dismiss, not a motion for summary judgment[, t]he discovery rationale that underpins [cases holding such a conflict exists] does not exist here."); *see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018) ("If a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12

standards; if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted.") (quotation, citation omitted). Moreover, none of the reasons plaintiff provides for having a Rule 26(f) conference apply here. The Court has not set a scheduling conference or ordered the submission of a Rule 26(f) report. And counsel for the parties have already discussed document preservation via the other nearly-identical actions plaintiff's counsel have filed against Ancestry. Furthermore, the ESI protocol and protective order are only relevant if the anti-SLAPP discovery stay is lifted, which can only happen if the case survives the pending motion. In any event, Ancestry anticipates any ESI protocol or protective order will be substantially similar to the ones in effect in some of the other nearly-identical actions. In addition, Ancestry also filed a motion to dismiss on other grounds that support a stay of discovery until the Court rules on the motion.

3. The parties agreed to this report on August 1, 2022.

4. **Jurisdiction**

As reflected in the Class Action Complaint ("Complaint") (ECF No. 1), Plaintiff alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")). See Compl. ¶20. Ancestry waived service on February 28, 2022. ECF No. 3. Plaintiff disputes Ancestry's arguments regarding personal jurisdiction and Article III standing. ECF No. 23. Plaintiff is not aware of any parties remaining to be served.

Ancestry contests both personal jurisdiction and subject matter jurisdiction. Ancestry moved to dismiss on those and other grounds. ECF Nos. 18, 19 (Ancestry's motion and supporting memorandum). Ancestry believes the Court lacks personal jurisdiction because plaintiff's allegations establish only that Ancestry operates a universally available website and that plaintiff resides in Indiana, which is insufficient to hale Ancestry into court in Indiana. This case did not arise from any Ancestry contacts with the State of Indiana and Ancestry does not have its principal place of business or headquarters there. Thus, Ancestry believes there is no personal jurisdiction. In addition, it is Ancestry's position that plaintiff has failed to allege a concrete injury sufficient to confer standing under Article III, so subject matter jurisdiction is also lacking.

### 5. Pre-Discovery Disclosures

Plaintiff proposes the parties exchange, but not file, Rule 26(a)(1) information by July 29, 2022. Plaintiff does not dispute that Indiana's anti-SLAPP statute contains an automatic stay of discovery but disagrees that this state law procedural rule supersedes the Federal Rules. Implementing a blanket discovery stay would contravene the right of Congress to manage federal court procedure. *See Nixon*, 2009 WL 2026343, at *3. Thus, the parties should exchange Rule 26(a)(1) initial disclosures.

Ancestry filed a motion to dismiss pursuant to Indiana's anti-SLAPP statute, which automatically stayed all discovery in this case. ECF Nos. 18 &19; Ind. Code § 34-7-7-6 ("All discovery proceedings in the action are stayed upon the filing of a motion to dismiss" under the anti-SLAPP statute). Therefore, Ancestry believes exchanging initial disclosures in this case is improper in light of the automatic discovery stay. *See, e.g.*, *Stutzman*, 2013 WL 3992416, at *7 (motion to compel denied where defendant refused to provide initial disclosures while anti-SLAPP motion was pending). As discussed above, *Nixon* is inapposite. Unlike there, plaintiff already responded to Ancestry's anti-SLAPP motion and neither sought nor needed discovery to do so because Ancestry's motion challenged the legal, not factual, sufficiency of the Complaint. *See* ECF Nos. 18, 19, 23, 29; *see also Nixon*, 2009 WL 2026343, at *2 (allowing discovery where the anti-SLAPP motion relied on matters outside of the pleadings); *Clifford*, 339 F. Supp. 3d at 923 (if an "anti-SLAPP motion is analogous to a motion to dismiss, not a motion for summary judgment[, t]he discovery rationale that underpins [cases holding such a conflict exists] does not exist here."); *see also Planned Parenthood*, 890 F.3d at 833 ("If a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards; if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted.") (quotation, citation omitted). Ancestry also filed a motion to dismiss on other grounds that supports a stay of discovery until the Court rules on the motion.

4

6. **Discovery Plan**

The Parties propose the following discovery plan:

    a.    Plaintiff believes discovery will be needed on the following subjects: (1) Defendants' use of Plaintiff's and Class members' names, personal information, and personas to advertise its subscription products; (2) Defendant's subscription models and advertising strategies for ancestry.com; (3) The value of Plaintiff's and Class members' names, personal information, and personas in attracting and retaining subscribers; (4) Defendants' collection of Plaintiff's and Class members' names, personal information, and personas; (5) Any purported consent by Plaintiff and the Class to Defendants' use of their names, personal information, and personas; (6) Defendants' revenue from its use of Plaintiff's and Class members' names, personal information, and personas; (7) Any licensing agreements under which Defendants either earn or pay a fee to license Plaintiff's and Class members' names, personal information, and personas; (8) Defendants' insurance coverage for legal claims; (9) Internal or external communications expressing or addressing privacy and/or intellectual property concerns regarding Defendants' use of names, personal information, and personas; (10) The size of the Class and the names of Class members; (11) Any affirmative defenses Defendants intend to assert.

    b.    Ancestry believes identification of discovery topics is premature in light of the automatic discovery stay resulting from its pending anti-SLAPP motion. However, should this case survive the pending motion, Ancestry intends to seek discovery on the following topics and reserves the right to seek discovery on additional topics if and as the case develops: (1) any loss plaintiff and putative class members purportedly suffered as a result of the alleged conduct; (2) any opportunity plaintiff and putative class members had to monetize their information, including names, yearbook photographs, school names, school location, and other yearbook information; (3) any consents by plaintiff or putative class members to publication of that information, including posting of that information online; (4) any efforts by plaintiff or putative class members to maintain the privacy of

such information; (5) documents related to any agreements between Ancestry and the putative class members; (6) any evidence plaintiff or other class members have an intellectual property right in that information; and (7) any evidence of emotional harm, mental injury, or distress plaintiff or putative class members allegedly suffered on account of work information being publicly available, including any medical information verifying that harm.

    c.    The parties agree discovery of electronically stored information should be handled as follows: The Parties intend to jointly submit to the Court for approval an order regarding the discovery of electronically stored information.

    d.    The Parties intend to jointly submit a stipulated Protective Order to the Court for approval.

    e.    The parties agree discovery shall be completed within six months of the Court's decision on Defendants' Motion to Dismiss, ECF No. 18.

    f.    Maximum of 25 interrogatories by each party to any other party.

    g.    Maximum of 30 requests for admission by each party to any other party.

    h.    Maximum of 10 depositions by Plaintiff and 10 depositions by Defendants. Each deposition is limited to a maximum of seven hours on the record unless extended by stipulation.

    i.    The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

        i.    30 days following the Court's decision on Plaintiff's motion for class certification for Plaintiff.

        ii.    60 days following the Court's decision on Plaintiff's motion for class certification for Defendant.

        iii.    90 days following the Court's decision on Plaintiff's motion for class certification for Rule 26(e) supplements.

**7.    Other items**

a.    The last date to join additional parties and to amend the complaint is September 30, 2022.

b.    Plaintiff's motion for class certification shall be filed within 30 days after the close of fact discovery.

c.    The last day to file dispositive motions shall be 120 days after a decision on Plaintiff's motion for class certification.

d.    The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.

e.    The trial-ready date for a jury trial shall be set at a later date. Plaintiffs believe the trial is expected to take approximately 5 days.  Ancestry believes it is too early to determine the scope of the case and what issues will remain for trial, and thus too early to determine the appropriate length for trial.

f.    At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

**8.    Alternative Dispute Resolution**

This case's settlement prospects may be enhanced via the following ADR procedure:

After a decision on Ancestry's motion to dismiss, the parties may engage in private mediation before an agreed-upon mediator.

DATED: August 1, 2022                                    Respectfully submitted,

*/s/ Raina C. Borrelli*                                             */s/ John A. Conway*
Raina C. Borrelli (*pro hac vice*)                      John A Conway
Brittany Resch ((*pro hac vice*)                        jconway@southbank.legal
TURKE & STRAUSS LLP                               SOUTHBANK LEGAL:
613 Williamson St., Suite 201                          100 E Wayne Street, Suite 300
Madison, WI 53703                                         South Bend, IN 46601
Telephone: (608) 237-1775                             Telephone: (574) 968-0760
Facsimile: (608) 509-4423                              Facsimile: (574) 968-0761

| | |
|---|---|
| raina@turkestrauss.com<br>brittanyr@turkestrauss.com<br><br>Thomas S. Reynolds<br>Michael C. Lueder<br>HANSEN REYNOLDS LLC<br>301 N. Broadway, Suite 400<br>Milwaukee, WI 53202<br>Telephone: (414) 273-8470<br>reynolds@hansenreynolds.com<br><br>Benjamin Osborn (*pro hac vice* application forthcoming)<br>LAW OFFICE OF BENJAMIN R. OSBORN<br>102 Bergen St.<br>Brooklyn, NY 11201<br>Phone: (347) 645-0464<br>ben@benosbornlaw.com<br><br>MORGAN & MORGAN COMPLEX LITIGATION GROUP<br>Michael F. Ram (*pro hac vice*)<br>Marie N. Appel<br>711 Van Ness Avenue, Suite 500<br>San Francisco, CA 94102<br>Telephone: (415) 358-6913<br>Telephone: (415) 358-6293<br>mram@forthepeople.com<br>mappel@forthepeople.com<br><br>*Attorneys for Plaintiff and the Proposed Class* | Shon Morgan (*pro hac vice*)<br>John W. Baumann (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br>shonmorgan@quinnemanuel.com<br>jackbaumann@quinnemanuel.com<br><br>Cristina A. Henriquez (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br>cristinahenriquez@quinnemanuel.com<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 1st day of August, 2022.

                                          TURKE & STRAUSS LLP

                                          By:  */s/ Raina C. Borrelli*
                                                    Raina C. Borrelli
                                                    raina@turkestrauss.com
                                                    TURKE & STRAUSS LLP
                                                    613 Williamson St., Suite 201
                                                    Madison, WI 53703
                                                    Telephone: (608) 237-1775
                                                    Facsimile: (608) 509-4423